IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SANDRA H. DEYA and EDWIN DEYA, individually and as Next Friends and Natural Parents of EDD, <br><br>        Plaintiffs,<br><br>v.<br><br>HIAWATHA COMMUNITY HOSPITAL,<br>**Serve:** John A. Moore, Registered Agent<br>     300 Utah<br>     Hiawatha, KS  66434<br><br>and<br><br>PETER ROSA, M.D.<br>**Serve at:** Hiawatha Family Practice<br>     314 Oregon Street<br>     Hiawatha, KS  66434<br><br>        Defendants. | Case No.  10-CV-2263 JAR/GLR |

## AMENDED COMPLAINT

Plaintiffs Sandra H. and Edwin Deya individually and as Next Friends and Natural Parents of EDD[*], for their claims and causes of action against the above-named defendants hereby allege and state as follows:

### PARTIES

1. Plaintiff Edwin Deya is a citizen and resident of the State of Missouri and domiciled therein.  Plaintiff Sandra H. Deya is a permanent resident and is a resident of the State of Missouri and domiciled therein.

2. Sandra H. and Edwin Deya are, and at all relevant times were, lawfully married.

---

[*] Because EDD is a minor, only initials are used herein.  See Local Rule 5.4.14(b).

3. Plaintiffs Sandra H. and Edwin Deya are the natural parents of EDD, a minor.

4. EDD is domiciled in Missouri with his parents, Sandra H. and Edwin Deya.

5. Defendant Hiawatha Community Hospital ("Hospital") is a Kansas Corporation with its principle place of business in Hiawatha, Brown County, Kansas.

6. Defendant Peter Rosa, M.D. ("Rosa") is now and has been at all relevant times a physician residing and licensed to practice medicine in the State of Kansas, specializing in Family Practice.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as this action is between citizens of different states and the amount in controversy exceeds $75,000.00.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a), as defendants reside in this judicial district and the events giving rise to plaintiffs' claims occurred in this judicial district.

## AGENCY

9. All actions of the nursing staff, and other employees and agents of defendant Hospital, alleged herein, were performed within the scope of their employment or agency with defendant Hospital, and therefore the Hospital is vicariously liable for the actions of said persons.

## GENERAL ALLEGATIONS

10. EDD was born April 2, 2009, at the Hospital in Hiawatha, Kansas.

11. At birth, EDD was a late preterm baby, approximately 37 weeks gestation, normal and healthy for gestational age.

12. Following EDD's birth, it was determined that there was an ABO blood incompatibility with his mother, Sandra H. Deya.

13. Within the first 24 hours after birth EDD was noted to be jaundiced.

14. No tests for bilirubin levels were performed on EDD before discharge.

15. It was known to defendants that EDD was to be exclusively breastfed.

16. EDD was discharged from the Hospital on April 4, 2009, less than 48 hours after birth, still jaundiced, with discharge instructions to come back for a well child visit on April 10, 2009.

17. The only advice defendants gave to Sandra H. or Edwin Deya with regard to the jaundice was to place EDD near a window where he could be in the sunlight.

18. By Tuesday, April 7, 2009, EDD became lethargic and inconsolable.

19. On April 7, 2009, Sandra H. Deya took EDD to a Family Practitioner in Sabetha, Kansas; and from there EDD was transported by Life Star Helicopter to Children's Mercy Hospital.

20. At Children's Mercy Hospital in Kansas City, Missouri, EDD was diagnosed with metabolic encephalopathy caused by hyperbilirubinemia and ultimately received the diagnosis of cerebral palsy.

21. EDD has sustained a bilirubin-induced brain injury that could and should have been avoided had the defendants acted within the standards of care.

22. The defendants, and each of them, failed to act in accordance with the applicable standards of care.

23. As the consequence of the defendants' negligence and carelessness, EDD has sustained permanent, irreversible and disabling neurologic injury for which he has required

round the clock care; and for which he will continue to require intensive treatment, and round the clock care.

24. EDD has sustained past and future medical expenses and costs of care, complete loss of earning capacity and physical and cognitive injuries, including past and future mental and emotional distress, pain, suffering, disability, disfigurement and loss of enjoyment of life.

25. Plaintiffs Sandra H. and Edwin Deya have sustained past medical expenses, loss of time and have provided many services to EDD as a direct and proximate consequence of his neurologic injury and will continue to incur such damages in the future, in addition to permanent loss of companionship and other important aspects of their relationship with EDD.

WHEREFORE plaintiffs Sandra H. and Edwin Deya, individually and as Next Friends and Natural Parents of EDD, pray for judgment against defendants for all of the injuries and damages allowed by law in an amount in excess of $75,000.00; for their costs incurred herein; and for such other relief as the Court deems just and equitable.

SHAMBERG, JOHNSON & BERGMAN, CHTD.

s/Victor A. Bergman _____
Victor A. Bergman, KS #08625
David C. DeGreeff, KS #21794
2600 Grand Boulevard, Suite 550
Kansas City, MO 64108
816 474-0004   474-0003 Facsimile
vbergman@sjblaw.com
ddegreeff@sjblaw.com
ATTORNEYS FOR PLAINTIFFS

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiffs designate Kansas City, Kansas, as the place for trial of this matter pursuant to Local Rule 40.2.

SHAMBERG, JOHNSON & BERGMAN, CHTD.

s/Victor A. Bergman _____
Victor A. Bergman, KS #08625
David C. DeGreeff, KS #21794
2600 Grand Boulevard, Suite 550
Kansas City, MO 64108
816 474-0004   474-0003 Facsimile
vbergman@sjblaw.com
ddegreeff@sjblaw.com
ATTORNEYS FOR PLAINTIFFS