IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SANDRA H. DEYA and EDWIN DEYA, individually and as Next Friends and Natural Parents of EDD, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  Case No.  2:10-CV-2263 JAR/GLR |
| HIAWATHA COMMUNITY HOSPITAL, | ) ) ) |
| and | ) ) |
| PETER ROSA, M.D., | ) ) |
| Defendants. | ) |

### PLAINTIFFS' MOTION TO COMPEL
### DEFENDANTS TO RESPOND TO DISCOVERY

**COME NOW** the plaintiffs move the Court for an Order compelling the defendants to respond to the discovery that is described below.  The discovery was served on the defendants on July 21, 2010; and the defendants' answers and responses were served on September 17, 2010.  Plaintiffs' counsel sent a Golden Rule Letter September 20, 2010 (Exhibit A) and has had verbal discussions with defense counsel regarding the discovery; the defendant served a response to the Golden Rule Letter on October 22, 2010 (Exhibit B).

### Hiawatha Community Hospital's Responses to
### Plaintiffs' First Request for Admissions

Request No. 5:  Do you admit that, as of April 2009, HCH did not have any policies and procedures on discharge of newborns with jaundice?

Response:	Objection.  This request is vague and ambiguous as the term "policies and procedures" and the phrase "discharge of newborns with jaundice."  Without waiving these objections, the practice was that the assessment and treatment, if any, of jaundice, including at the time of discharge from the hospital, was at the discretion of the treating physician based on his or her assessment of the newborn.

Discussion: The defendant neither admitted nor denied if there are policies and procedures, but simply spoke about an unwritten practice in the response. Plaintiff would like a categorical response to this, one way or the other.

## Hiawatha Community Hospital's Response to Plaintiffs' First Request for Production of Documents

Request No. 9: All employee notes and/or written documentation not a part of the medical record pertaining to Sandra Deya and/or EDD.

Response: Objection. This request seeks information protected from discovery by the attorney-client and risk management privileges. Without waiving this objection, this defendant states that there were also no non-privileged documents responsive to this request.

Discussion: According to defendant's response to the Golden Rule Letter, there is a document recounting "phone conversations and other interactions that Ms. Mueller had with the plaintiffs following EDD's birth." Since this is a conversation directly with the plaintiffs, it should be produced. Beyond that, however, to the extent the document contains facts it should be produced pursuant to *Adams v St. Francis Regional Medical Center*, 264 Kan. 144, 955 P.2d 1169; *Hill v Sandhu*, 129 F.R.D. 548 (D.Kan. 1990) and *Balk v Dunlap,* 163 F.R.D. 360, 363 (D.Kan. 1995).

Request No. 18: The personnel file and time records for each nurse, employee and/or agent providing any services, medical care and/or treatment concerning Sandra Deya and/or EDD from April 1 through April 4, 2009.

Response: Objection. This request is overbroad, burdensome, and seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. This request also seeks information protected from discovery by the risk management privilege. Without waiving these objections, this Defendant will produce redacted portions of the employment files of any employee, other than physician employees (see objection o Request No. 17, above) who rendered treatment or care to EDD from his birth until his discharge in April 2009.

Discussion:  In this case, one of the allegations is that the nurses in attendance to EDD were not knowledgeable, and were not adequately trained and educated, which would be potential negligence of the defendant hospital.  Personnel files of such individuals are routinely obtained in discovery, and have not, to date, been produced in this case.  The time records have been produced, but nothing else.

**WHEREFORE**, plaintiffs respectfully request that the Court enter an Order compelling the defendants to respond to the discovery described herein.

                                                SHAMBERG, JOHNSON & BERGMAN, CHTD.

                                                s/Victor A. Bergman _____
                                                Victor A. Bergman, KS #08625
                                                David C. DeGreeff, KS #21794
                                                2600 Grand Boulevard, Suite 550
                                                Kansas City, MO 64108
                                                816 474-0004   474-0003 Facsimile
                                                vbergman@sjblaw.com
                                                ddegreeff@sjblaw.com
                                                ATTORNEYS FOR PLAINTIFFS