# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SANDRA H. DEYA and EDWIN DEYA,
individually and as next friends and
natural parents of EDD,

        Plaintiffs,

v.                                          Case No. 10-cv-2263-JAR/GLR

HIAWATHA HOSPITAL ASSOCIATION, INC.,
et. al.,

        Defendants.

## MEMORANDUM AND ORDER

In this medical malpractice action Plaintiffs allege that their newborn child was injured by the failures of Defendants to detect and manage jaundice. The matter is before the Court on Plaintiffs' Motion for Leave to File Their Fifth Amended Complaint to Add a Party-Defendant (ECF No. 64). Plaintiffs seek to add a claim of negligence against Julie Rosa, M.D., for her alleged failure to recommend or implement policies and procedures or educate hospital personnel about jaundice and hyperbilirubinemia in infants. Defendants oppose the motion on grounds the proposed amendment is futile. For the reasons set out below, the motion is granted.

**I.**      **Procedural History**

Plaintiffs filed this action May 5, 2010 against defendants Hiawatha Community Hospital (the "Hospital") and Peter Rosa, M.D. The original complaint asserted claims only against Peter Rosa and the Hospital for medical negligence arising out of a severe injury sustained by Plaintiffs' newborn son as a result of alleged improper treatment and care of jaundice. On May 10, 2010, Plaintiffs filed their Amended Complaint as a matter of right, pursuant to Federal Rule of Civil

Procedure 15(a), simply to correct an error in one of the Plaintiffs' name. Later, on May 19, 2010, Plaintiffs filed their Second Amended Complaint (ECF No. 6) clarifying their claim against Peter Rosa.

On June 16, 2010, Plaintiffs filed their Third Amended Complaint (ECF No. 13), pursuant to agreement of opposing counsel. It added a claim for medical malpractice against Steffen Shamburg, M.D. On October 20, 2010, with leave of Court, Plaintiffs filed their Fourth Amended Complaint (ECF No. 56) to correct the name of defendant Hiawatha Hospital Association, Inc.

On December 1, 2010, Plaintiffs filed their instant Motion seeking leave to file their Fifth Amended Complaint to add a claim of negligence against Julie Rosa, M.D. Plaintiffs allege she is the physician responsible for reviewing, developing and initiating written policies and protocols for newborn care at the Hospital.

## II. Legal Standard Applicable to Motion for Leave to Amend

Federal Rule of Civil Procedure 15(a)(1) allows one amendment of a complaint as a matter of course within 21 days after service of the complaint;[1] or 21 days after receiving service of an answer or motion to dismiss under Rule 12(b), (e), or (f), whichever is earlier.[2] Subsequent amendments are allowed "only with the opposing party's written consent or the court's leave."[3] The court is instructed to "freely give leave when justice so requires."[4] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party,

---

[1] Fed. R. Civ. P. 15(a)(1)(A).

[2] Fed. R. Civ. P. 15(a)(1)(B).

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Id.*

bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[5] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[6]

Defendants, as the party asserting futility of amendment, have the burden of establishing futility.[7] A proposed amendment is futile if the amended claim would be subject to dismissal.[8] In determining whether a proposed amendment should be denied as futile, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[9] In doing so, the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party.[10] The court must then look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.[11] The issue in resolving a motion to dismiss on the grounds that the complaint fails to state a claim is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is

---

[5]*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

[6]*Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[7]*Carefusion 213, LLC v. Prof'l Disposables, Inc.*, Civ. A. No. 09-2616-KHV-DJW, 2010 WL 4004874, at *5 (D. Kan. Oct. 12, 2010).

[8]*Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citing *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)).

[9]*See id.* at 1238.

[10]*Id*. at 1232.

[11]*Id.*

entitled to offer evidence to support the claims."[12] As the United States Supreme Court has stated, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test the claim on the merits."[13] Thus the Court may find the newly proposed claims futile, if viewing the well-pleaded factual allegations as true and in the light most favorable to Plaintiffs, they nevertheless contain insufficient facts to state a claim plausible on its face or otherwise failing as a matter of law.[14]

## III. Whether Plaintiffs' Proposed Amendment is Futile

Defendants ask the Court to deny the motion as futile, because the allegations of negligence against Dr. Rosa fail to state a claim that Kansas law recognizes. They argue that Plaintiffs have not alleged that Dr. Rosa provided medical care or treatment or otherwise had a physician-patient relationship with Plaintiffs or their newborn. Absent such relationship, Defendants contend that Plaintiffs cannot assert a claim against Dr. Julie Rosa, because it lacks a necessary element of negligence, i.e., that she owed Plaintiffs a duty of care.

The law of Kansas requires the plaintiff in a negligence action to first prove the existence of a duty owed to him or her by the defendant.[15] Whether a duty exists is a question of law.[16] In an action for medical malpractice against a physician, the duty of care is based on the existence of a

---

[12]*Raytheon Aircraft Co. v. U.S.*, 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007).

[13]*Foman v. Davis*, 371 U.S. 178, 182 (1962).

[14]*Capital Solutions, LLC v. Konica Minolta Bus. Solutions U.S.A., Inc.,* No. 08-2027-JWL-DJW, 2009 WL 1635894, at *5 (D. Kan. June 11, 2009).

[15]*Roe ex rel. Roe v. Dep't of Social & Rehab. Svcs.*, 278 Kan. 584, 592, 102 P.3d 396, 403 (2004).

[16]*Nold ex rel Nold. v. Binyon*, 272 Kan. 87, 103, 31 P.3d 274 (2001).

4

physician-patient relationship.[17]

Defendants are thus correct that, for Plaintiffs to assert a claim for negligence from medical malpractice against Dr. Rosa, they must plead the existence of a physician-patient relationship between her and them or their newborn. In absence of such a physician-patient relationship, the Kansas Supreme Court has stated "there can be no liability for medical malpractice."[18]

Plaintiffs argue that Defendants mischaracterize their proposed claim against Dr. Rosa as a medical malpractice claim. They assert that their claim against Dr. Rosa is for general negligence in her performance of the administrative and institutional responsibilities she undertook on behalf of the Hospital. They contend that the Hospital's duty of care extends to Dr. Rosa, pursuant to the Restatement (Second) of Torts § 324A,[19] based upon her undertaking the administrative duty to establish and maintain written policies or procedures for the Hospital's labor, delivery and newborn unit. More specifically, Plaintiffs contend that the duty of due care owed by the Hospital extends to Dr. Rosa, pursuant to the Restatement (2nd) of Torts § 324A(b) and (c), by her undertaking of its

---

[17] *See Nold*, 272 Kan. at 108, 31 P.3d at 288 ("A duty arises and liability may be imposed only for negligence occurring during the doctor-patient relationship.").

[18] *Irvin v. Smith*, 272 Kan. 112, 122, 31 P.3d 934, 942 (2001) ("Absent the existence of a physician-patient relationship, there can be no liability for medical malpractice.").

[19] Restatement (Second) of Torts § 324A (1965), titled "Liability to Third Person for Negligent Performance of Undertaking," provides as follows:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
> (a) his failure to exercise reasonable care increases the risk of such harm, or
> (b) he has undertaken to perform a duty owed by the other to the third person, or
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

5

administrative duty to maintain policies and procedures necessary for the care of its patients. Plaintiffs acknowledge that "there is no Kansas state or federal case directly on point."[20] They further suggest that "[n]either Kansas state or federal courts have ever held that section 342A *cannot* establish the existence of a duty on the part of a physician acting outside of the physician-patient relationship."[21] They argue that no law supports an immunity from the application of the Restatement (Second) of Torts § 324A. To the contrary, Plaintiffs assert that the Kansas courts have specifically analyzed Section 324A with regard to physicians as defendants. They thus argue that their proposed claim against Dr. Rosa for administrative negligence, not medical negligence, is supported by Section 324A and by Kansas state and federal law, and they should thus be allowed to amend their complaint to assert this claim.

Defendants argue that Plaintiffs proposed amendment is merely an end-run around the requirement that a Plaintiff must allege a physician-patient relationship to support a medical negligence cause of action against a physician. According to Defendants, Kansas law does not recognize an independent duty to a patient on the part of a physician acting purely in an administrative capacity. They argue that the Kansas Court of Appeals has cast doubt on the viability of such a claim in *Seeber v. Ebeling*.[22] Defendants further argue that strong policy considerations justify the Kansas courts' reluctance to adopt the section 324A duty Plaintiffs propose and why such a duty should not be adopted by this Court.

Both sides make convincing arguments for their respective positions. However, the issue

---

[20]Pls.' Reply (ECF No. 79) at 16.

[21]*Id.* at 19 (emphasis in original).

[22]36 Kan. App. 2d 501, 502, 141 P.3d 1180 (2006).

6

is before the Court on a motion for leave to amend the complaint, which Defendant opposes as futile. Defendants therefore bear the burden to show futility of the proposed amendment. From the facts and law thus presented, the Court does not find that they have satisfied that burden. Conceivably the proposed claim against Dr. Rosa may not survive summary judgment or other dispositive motion. But at this point, i.e., the pleading stage, the Court finds a lack of persuasive showing that Kansas law has determined or is likely to determine that the proposed claim may be futile. The argument that no state or federal Kansas cases has affirmatively recognized a duty on the part of a physician acting purely in an administrative capacity under Restatement (Second) of Torts § 342A does not establish that the proposed amendment here is futile. As Plaintiffs point out, at least three different courts, including the Kansas Supreme Court, have looked to section 324A when considering negligence claims against physicians in cases when no physician-patient relationship had been established.[23] Although under the facts of those particular cases none of the courts found that the defendant physician had a duty to third persons under section 324A, their analyses of section 324A implies that a duty on the part of a physician could arise under that section. Defendants have thus failed to meet the burden to establish futility, at least at this stage of the litigation.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File Their Fifth Amended Complaint to Add a Party-Defendant (ECF No. 64) is granted, as set forth herein. Plaintiffs shall electronically file their Fifth Amended Complaint forthwith.

---

[23]*See, e.g., Calwell v. Hassan*, 260 Kan. 769, 784-89, 925 P.2d 422, 432-34 (1996); *Seeber v. Ebeling*, 36 Kan. App. 2d 501, 508-14, 141 P.3d 1180, 1185-88 (2006); *Dodd-Anderson By and Through Dodd-Anderson v. Stevens*, 905 F. Supp. 937, 949-51 (D. Kan. 1995).

**IT IS FURTHER ORDERED** that Plaintiffs shall serve summons and their Fifth Amended Complaint on newly-added Defendant Julie Rosa, M.D., within fourteen (14) days of the filing of the Fifth Amended Complaint.

Dated in Kansas City, Kansas on this 4th day of May, 2011.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge