IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SANDRA H. DEYA and EDWIN DEYA, )
individually and as Next Friends )
and Natural Parents of EDD, )
)
Plaintiffs, )
)
v. ) Case No. 2:10-CV-2263 JAR/GLR
)
HIAWATHA HOSPITAL ASSOCIATION, INC., )
PETER ROSA, M.D., )
STEFFEN SHAMBURG, M.D., )
)
)
Defendants. )

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS
2011 NOV -4  PM 3: 45
TIMOTHY M. O'BRIEN
CLERK
BY_____ DEPUTY
AT KANSAS CITY, KS

## ORDER APPROVING SETTLEMENT AND DISMISSAL WITH PREJUDICE

NOW on this 4th day of November, 2011, each of the Plaintiffs and Defendants, as well as Julie Rosa, M.D., Teresa Woods, R.N., Amy Sudbeck, L.P.N., and Tammy Schmitz, R.N. (Defendants and Julie Rosa, Teresa Woods, Amy Sudbeck, and Tammy Schmitz are collectively referred to hereinafter as "Respondents"), by their respective counsel, appear and move this Court for an order approving the terms of their settlement and dismissing this action with prejudice. Plaintiffs each appear by their counsel, Victor Bergman and David DeGreeff. Plaintiff Sandra Deya also appears via video conferencing. Plaintiff Edwin Deya, Sr., also appears in person. Defendants and Respondents appear through counsel, Mark Lynch and Tucker Poling.

**Agreement.** The details of the settlement are fully described in a document titled "Final Release and Settlement Agreement" (hereinafter "Agreement"), which has been reviewed and considered by the Court. The Agreement has been withdrawn by the parties and shall not be contained within the Court's file. The Court has also heard and considered the Plaintiffs' testimony regarding the settlement, along with other evidence. The details of Plaintiffs'

1

proposed settlement disbursement, including Plaintiffs' attorneys' expenses, Plaintiffs' attorneys' fees, and any applicable liens have been fully set forth to the Court in a confidential written settlement summary prepared by Plaintiffs' counsel, which the Court has reviewed and returned to counsel. Further, it is represented to the Court by counsel and through pleadings filed herein that the parties have reached a valid, just and equitable settlement regarding Plaintiffs' claims against these Defendants and desire that the Court first approve the settlement as required by K.S.A. 40-3403. The plaintiffs, Sandra Deya and Edwin Deya, Sr., have each signed the Agreement and have each verified to the Court at the hearing that their signatures contained in the Agreement are authentic.

After hearing the testimony of the plaintiffs, reviewing the Agreement and other evidence, considering statements of counsel, and being fully advised in the premises, the Court finds that the settlement described in the Agreement is valid, just and equitable pursuant to K.S.A. 40-3410. Further, the Court finds that the settlement, as set forth in the Agreement, including but not limited to the specific amount to be distributed to and for the benefit of the minor plaintiff, EDD, and the manner of such distribution, is valid, fair, just, equitable, conservative of EDD's interests in this matter, and is in the best interests of EDD. Further, the hearing of this matter was adequate to protect the interests of EDD. In addition, the Court finds that the attorney fees and expenses in this matter are fair, just, and reasonable under K.S.A. 7-121b. The settlement and Agreement are approved by the Court.

**Dismissal.** The parties seek dismissal, with prejudice, of all claims against Respondents that are now raised or could ever be raised relating to the allegations that have been set forth at any time in the pleadings, discovery responses, and testimony in this case, each party bearing its costs. Plaintiffs further acknowledge that the dismissal of this action bars any future action

relative to the events complained of herein.

**Satisfaction of liens and other third party interests**. Plaintiffs' counsel represent to the Court that plaintiffs' counsel have assumed the responsibility to determine and satisfy all liens and subrogation interests in the settlement funds, and that they have determined all such liens and interests and have made arrangements to satisfy all such liens and interests from the settlement funds forthwith. The Court orders that Plaintiffs' counsel shall: (1) withhold sufficient funds ("Retained Funds") from the settlement funds to satisfy all lienholders and parties with subrogation interests; (2) deposit the Retained Funds into a trust account in which the Retained Funds shall remain until plaintiffs' counsel releases those funds to such lienholders or other parties with subrogation interests; and (3) furnish the defense with documentation that the liens and subrogation interests have been satisfied from the settlement funds.

**THEREFORE,** the Court finds and orders that the settlement and Agreement are valid, just, equitable, conservative of EDD's interests in this matter, and in the best interests of EDD; that the attorneys' fees are reasonable and approved; and that Defendants are hereby dismissed with prejudice as to this and any future action, each party bearing its own costs.

**IT IS SO ORDERED.**

The Honorable Julie A. Robinson,
United States District Judge for the
District of Kansas

Jointly proposed and approved by,

s/Mark A. Lynch
Mark A. Lynch, KS #14277
Tucker L. Poling, KS #23266
Holbrook & Osborn, P.A.
Commerce Plaza II
7400 W. 110th Street, Ste 600
Overland Park, KS 66210
Telephone: (913) 342-2500
Facsimile: (913) 342-0603
Email: tpoling@holbrookosborn.com
**ATTORNEYS FOR DEFENDANTS**


s/Victor A. Bergman
Victor A. Bergman, KS #41725
David C. DeGreeff, KS #55019
2600 Grand Blvd.-Ste. 550
Kansas City, MO 64108
816-474-0004
Fax: 816-474-0003
Email: ddegreeff@sjblaw.com
**ATTORNEYS FOR PLAINTIFFS**